# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL HOWARD DEERING,

       Plaintiff,

v.                                       CASE NO. 07-14781
                                       HON. LAWRENCE P. ZATKOFF

OAKLAND COUNTY CIRCUIT COURT,

       Defendant.
_____/

## ORDER DISMISSING ACTION

Plaintiff was convicted under MICH. COMP. LAWS § 750.165 for failure to provide child support pursuant to a court order. The Oakland County Circuit Court issued warrants for his arrest but these warrants were never exercised. Plaintiff now resides in Ireland. On November 6, 2007, Plaintiff filed his *pro se* Notice of Removal, which consists almost entirely of docket sheets and copies of correspondences requesting transcripts from his previous divorce and criminal proceedings. The "Notice of Removal" alleges no grounds for jurisdiction and contains no discernible claims against the Oakland County Circuit Court. As such, his filing can scarcely be considered either a Notice of Removal or a complaint. Further, Plaintiff did not include a cover sheet, did not pay the requisite fee, and did not submit a Judge's copy.

On November 20, 2007, Plaintiff filed an Ex Parte Motion for Judicial Notice re: Void Orders and Jurisdiction and an Ex Parte Motion for a Temporary Order Directing Defendants to Suspend the Warrant(s) and Criminal Conviction. In the latter of these two motions, Plaintiff for the first time strings together a litany of grievances that supposedly establish federal question jurisdiction. Plaintiff further alleges in his motion that jurisdiction is appropriate in this case under

28 U.S.C. § 1446, which sets forth the circumstances in which a criminal defendant may remove a prosecution:

> A defendant . . . desiring to remove any . . . criminal prosecution from a State court shall file in the district court of the United States for the district and division within which *such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a *short and plain statement of the grounds for removal*, together with a *copy of all process, pleadings, and orders* served upon such defendant or defendants in such action.

(emphases supplied). The statute plainly addresses ongoing or pending actions; based on the materials before the Court, it appears that Plaintiff's criminal prosecution has long been completed, and Plaintiff is now bringing a new action against the Oakland County Circuit Court. Further, Plaintiff has not included all the relevant copies that the statute requires. Simply put, Plaintiff's reliance on 28 U.S.C. § 1446 to confer removal jurisdiction is misguided.

While the "Notice of Removal" lacks clarity with respect to Plaintiff's goals in this suit, it appears that Plaintiff seeks to suspend temporarily the warrants and conviction against him and to attain a determination by this Court that the Oakland County Circuit Court lacked jurisdiction over him in the underlying child custody case and, as such, issued void orders. Plaintiff, however, has not in any cognizable or appropriate manner alleged that Defendant violated federal law or identified a basis for federal subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(h)(3) permits a court to dismiss an action *sua sponte*. *Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003).

Because of the various procedural shortcomings of Plaintiff's action, the erroneous application of 28 U.S.C. § 1446, and the lack of clarity regarding his claims and allegations,

especially pertaining to the existence of subject matter jurisdiction, the Court HEREBY DISMISSES Plaintiff's action without prejudice.

       IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: December 10, 2007

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 10, 2007.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290